**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------

INTERNATIONAL MARINE UNDERWRITERS,

             Plaintiff,

     *- Against -*

M/V APL PERU her engines, boilers and
tackle *in rem*; MITSUI O.S.K. LINES, LTD.; C.H.
ROBINSON INTERNATIONAL INC. d/b/a
CHRISTAL LINES LTD.; NEWHOPE LOGISTICS
INC.; HYUNDAI MERCHANT MARINE;
SCHENKEROCEAN.; UCB FREIGHT SERVICES;
ORIENT EXPRESS CONTAINER CO. LTD.;
WORLD WAY INC.; EXPEDITORS
INTERNATIONAL OCEAN INC.; HLL ATLANTIC
SCHIFFAHRT GMBH & CO KG; and HANSEATIC
LLOYD SCHIFFAHRT GMBH & CO KG,

             Defendants.
------------------------------------------------------------------------

**09 CIV 4081**

Docket No.

**VERIFIED COMPLAINT**



Plaintiff INTERNATIONAL MARINE UNDERWRITERS ("IMU"), by its attorneys Nicoletti Hornig & Sweeney, as and for its Verified Complaint herein alleges upon information and belief as follows:

    1.      This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h). The Court has jurisdiction over all non-maritime claims pursuant to 28 U.S.C. § 1367 as those claims form part of the same case or controversy under Article III of the United States Constitution.

    2.      The Second Cause of Action is filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

3.      In connection with the Second Cause of Action, an actual case or controversy of a justiciable nature exists between the Plaintiff and the Defendants involving the rights and obligations of the parties under the maritime law of general average and depending upon the application of that law, the controversy can be determined by a judgment of this Court, without further suit.

## PARTIES

4.      At all relevant times, Plaintiff IMU was, and still is, a legal entity existing under and pursuant to the laws of New York with an office and principal place of business at 77 Water Street, New York, New York 10005.

5.      At all relevant times, Plaintiff IMU was the insurer of certain shipments , as described in Schedules "A-J," ladened onboard the motor vessel APL PERU (the "Vessel") on or about October 5, 2008, when a fire broke out onboard the Vessel.

6.      Plaintiff's insureds/subrogors were the consignees and/or owners of the shipments described in Schedules "A-J" and Plaintiff IMU brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

7.      At all relevant times, HLL Atlantic Schiffahrt GmbH & Co. KG ("Atlantic Schiffarht") was, and still is, a legal entity organized and existing under the laws of Germany with an office and  principal place of business at c/o Hanseatic Lloyd Schiffahrt GmbH & Co. KG, Contrescape 45, Bremen 28195, Germany, was and still is doing business in this jurisdiction directly and/or through an agent, and was at all times the owner, operator, manager and/or charterer of the M/V APL PERU.

8. At all relevant times, Hanseatic Lloyd Schiffahrt GmbH & Co. KG ("Hanseatic Schiffahrt") was, and still is, a legal entity organized and existing under the laws of Germany with an office and principal place of business at Contrescape 45, Bremen 28195, Germany, was and still is doing business in this jurisdiction directly and/or through an agent, and was at all times the owner, operator, manager and/or charterer of the M/V APL PERU..

9. At all relevant times, Defendant Mitsui O.S.K. Lines, Ltd. ("MOL") was, and still is, a legal entity organized and existing under the laws of some foreign jurisdiction with an office and principal place of business c/o MOL (America) Inc. 160 Field crest Avenue, Edison, New Jersey 08818.

10. At all relevant times, Defendant C. H. Robinson Inc. d/b/a CHRistal Lines Ltd ("Christal") was, and still is, a legal entity organized and existing under the laws of some state of the United States with an office and principal place of business at 14701 Charlson Rd., Eden Prairie, Minnesota.

11. At all relevant times, Defendant NewHope Logistics Inc. ("NewHope") was, and still is, a legal entity organized and existing under the laws of some state of the United States with an office and principal place of business at 1080 Argonia Pl, Walnut, California.

12. At all relevant times, Defendant Hyundai Merchant Marine Co. Ltd. ("Hyundai") was and still is, a legal entity organized and existing under the laws of some foreign jurisdiction with an office and place of business located c/o Hyundai America Shipping Agency, Inc. 65 Challenger Road, 4th Floor, Ridgefield Park, New Jersey.

13. At all relevant times, Defendant SchenkerOcean ("Schenker") was and still is, a legal entity organized and existing under the law of some foreign jurisdiction with an office and place of business located c/o Schenker Inc., 150 Albany Avenue, Freeport, New York.

14.     At all relevant times, Defendant UCB Freight Services Inc. ("UCB") was and still is, a legal entity organized and existing under the laws of some foreign jurisdiction with an office and place of business located at 194 Rue Saint-Paul, Montreal, Canada.

15.     At all relevant times, Defendant Orient Express Container Co. Ltd. ("Orient Express") was and still is, a legal entity organized and existing under the laws of some foreign jurisdiction with an office and place of business located c/o OEC Freight Inc., One Cross Island Plaza, 133-33 Brookville Blvd. Suite #306, Rosedale, New York, and c/o OEC Group 24301 Southland Drive #207, Hayward California.

16.     At all relevant times, Defendant World Way International Inc. ("World Way") was and still is, a legal entity organized and existing under the laws of some state of the United States with an office and place of business located at 755 Route 83, Bensenville, Illinois.

17.     At all relevant times, Defendant Expeditors International Ocean, Inc. ("Expeditors") was and still is, a legal entity organized and existing under the laws of some state of the United States with an office and place of business located at 1015 3rd Avenue, Suite 1200, Seattle, Washington 98104.

18.     At all relevant times, the M/V APL PERU was a diesel powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

## AS AND FOR A FIRST CAUSE OF ACTION

19.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18, above.

20.     On or about the dates and at the port of shipment stated in Schedule A attached hereto and by this reference made a part hereof, there was delivered to the vessel and defendants

4

in good order and condition, the shipment described in Schedule A, which said vessel and defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule "A".

21.     On or about October 5, 2008 a fire broke out onboard the Vessel in cargo hold No. 5 causing damage to certain of the cargo laden onboard, including the plaintiff's cargo as stated and described in Schedule "A".

22.     Thereafter, the said vessel and defendants delivered plaintiff's shipment, however, the aforesaid shipment was short, missing and/or damaged.

22.     By reason of the premises, the above named vessel and defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

23.     Plaintiff has duly performed all duties and obligations on its part to be performed.

24.     By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $285,499.00

## AS AND FOR A SECOND CAUSE OF ACTION
## (SALVAGE INDEMNITY)

25.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 above.

26.     On or about the dates and at the ports of shipment stated in the bills of lading listed in Schedule B-J, there was shipped by the shippers therein named and delivered to Defendants MOL, NewHope, Hyundai, Schenker, UCB, Orient Express, World Way, Christal, Atlantic Schiffahrts, Hanseatic Schiffahrts, and the Vessel, as common carriers, the shipments described in Schedule "B-J," then being in good order and condition, and the Defendants then and there accepted said shipments so shipped and delivered to them, and in consideration of

5

certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the shipments to the ports of destination stated in the bills of lading listed in Schedule "B-J," and there deliver the shipments in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedule "B-J".

27.     On or about October 5, 2008 a fire broke out onboard the Vessel, in cargo hold no. 5.

28.     Defendant Hanseatic Lloyd Schiffarhts GMBH & Co. KG has declared a General Average as a result of the fire onboard the Vessel.

29.     As consideration of the delivery to consignees of the goods as described in Schedules "B-J", IMU was compelled to agree to pay proportionate shares of any salvage contribution.

30.     The Plaintiff is entitled to indemnity from the Defendants in respect of any salvage undertakings posted and/or payments in amounts to be determined.

## AS AND FOR A THIRD CAUSE OF ACTION
## (GENERAL AVERAGE INDEMNITY)

31.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30, above.

32.     Defendant Hanseatic Lloyd Schiffarhts GMBH & Co. KG has declared a General Average as a result of the fire onboard the Vessel.

33.     Should the Plaintiff be compelled to contribute in general average, it is entitled to indemnity from Defendants in respect of any such general average contributions in amounts to be determined.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (GENERAL AVERAGE DECLARATORY RELIEF)

34.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, above.

35.     That the October 5, 2008 fire was caused in whole or in part by the acts of the Defendants and as such, the declaration of general average was improper.

36.     By reason of the premises, Plaintiffs are entitled to a declaratory judgment that any declared general average is null and void and that Plaintiffs therefore owe no general average contributions.

WHEREFORE, Plaintiff prays:

1.     That process in due form of law according to the practice of this Court may issue against the Defendants;

2.     That judgment may be entered in favor of Plaintiff against Defendant MOL for the amount of Plaintiff's damages, as shall be described in Schedule A, together with interest and costs and the disbursements of this action.

3.     That judgment be entered in favor of Plaintiff and against Defendants on the Second Cause of Action for indemnity in respect of any and all salvage expenses assessed against Plaintiff.

4.     That judgment be entered in favor of Plaintiff and against Defendants on the Third Cause of Action for indemnity in an amount to be determined in respect of any general average contributions assessed against Plaintiff.

5.     That a declaratory judgment be entered in favor of Plaintiff and against the Defendants Hanseatic Schiffahrts and Atlantic Shiffahrts on the Fourth Cause of Action declaring that any general average is null and void and that Plaintiffs owe no general average contributions.

6.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all singular the matters aforesaid, and this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefore, and

7.    Plaintiff further pray for such other, further and different relief as to this Court may seem just and proper.

Dated:  New York, New York
         April 24, 2009

NICOLETTI HORNIG & SWEENEY
*Counsel for Plaintiff*
*International Marine Underwriters*

By:    _____
        James F. Sweeney (JS-7745)
        Wall Street Plaza
        88 Pine Street, 7th Floor
        New York, New York 10005-1801
        Tel:    (212) 220-3830
        Fax:    (212) 220-3780

X:\Public Word Files\I\500\LEGAL\Complaint NE-s-lr.doc

# SCHEDULE A

| | |
|---|---|
| Vessel: | M/V APL PERU |
| Bills of Lading: | MOLU 458330498 |
| Container No.: | MOTU0768164 |
| Date of Departure: | Sept. 29, 2008 |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Seattle, WA |
| Carrier: | Mitsui O.S.K. Lines, Ltd. |
| Shippers: | MOL Consolidation Service Ltd. |
| Consignee: | St. Eve International |
| Description: | Clothing (Undergarments)-Fire/Smoke/$CO_2$ & Water Damage |
| Claim Amount: | $285,499.04 |
| NH&S File No.: | 10000500JFS |

## SCHEDULE B

Vessel:                  M/V APL PERU

Bills of Lading:         MOLU 458330498

Container No.:           MOFU 602646
                         TEXU 5416134

Bills of Lading:         MOLU 427517187

Container No:            MOAU 0709150
                         TEXU 5416134
                         MOTU 0768164

Date of Departure:       Sept. 29, 2008

Port of Loading:         Hong Kong

Port of Discharge:       Seattle, WA

Carrier:                 Mitsui O.S.K. Lines, Ltd.

Shippers:                MOL Consolidation Service Ltd.

Consignee:               St. Eve International

Description:             Clothing (Undergarments) – General Average Declared

Amount:                  To be determined

NH&S File No.:           10000500JFS

## SCHEDULE C

| | |
|---|---|
| Vessel: | M/V APL PERU |
| Bills of Lading: | CHI 0809042 |
| Date of Departure: | Sept. 29, 2008 |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Seattle, WA |
| Carrier: | NewHope Logistics Inc. |
| Shippers: | Liverwort Enterprises Co. Ltd. |
| Consignee: | Betson Imperial Parts & Service Co. |
| Description: | 42 Cartons of Pool Cues – General Average Declared |
| Claim Amount: | To be determined |
| NH&S File No.: | 10000500JFS |

## SCHEDULE D

| | |
|---|---|
| Vessel: | M/V APL PERU |
| Bills of Lading: | HKG 080942695 |
| Date of Departure: | Sept. 28, 2008 |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Seattle, WA |
| Carrier: | Hyundai Merchant Marine |
| Shippers: | Golden Bridge Electech Inc. |
| Consignee: | Tetrafab LLC |
| Description: | Connecting Wire Assemblies – General Average Declared |
| Claim Amount: | To be determined |
| NH&S File No.: | 10000500JFS |

## SCHEDULE E

| | |
|---|---|
| Vessel: | M/V APL PERU |
| Bills of Lading: | 6721028378 |
| Date of Departure: | September 16, 2008 |
| Port of Loading: | Penang, Malaysia |
| Port of Discharge: | Seattle, WA |
| Carrier: | Expeditors International Ocean |
| Shippers: | Yosogo Writing Instrument SDN BHD |
| Consignee: | Restoration Hardware |
| Description: | Rubber Band Balls – General Average Declared |
| Claim Amount: | To be determined |
| NH&S File No.: | 10000500JFS |

## SCHEDULE F

| | |
|---|---|
| Vessel: | M/V APL PERU |
| Bills of Lading: | CHRW08090936 |
| Date of Departure: | Sep. 23, 2008 |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Seattle |
| Carrier: | CHRistal Lines |
| Shippers: | Team Concept (HK) Industry Limited |
| Consignee: | RSVP International Inc. |
| Description: | Kitchenware – General Average Declared |
| Claim Amount: | To be determined |
| NH&S File No.: | 10000500JFS |

## SCHEDULE G

| | |
|---|---|
| Vessel: | M/V APL PERU |
| Bills of Lading: | HKHKG4200868560 |
| Date of Departure: | Sept. 29, 2008 |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Vancouver, Canada |
| Carrier: | Schenker Ocean |
| Shippers: | K.V.E. Industrial Ltd. |
| Consignee: | One Distribution LLC |
| Description: | Footwear – General Average Declared |
| Claim Amount: | To be determined |
| NH&S File No.: | 10000500JFS |

## SCHEDULE H

| | |
|---|---|
| Vessel: | M/V APL PERU |
| Bills of Lading: | HKG 080942695 |
| Date of Departure: | Sept. 28, 2008 |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Vancouver, Canada |
| Carrier: | UCB Freight Services |
| Shippers: | Moulin Ltd. |
| Consignee: | Titanium Marketing |
| Description: | 118 Cartons of Watches – General Average Declared |
| Claim Amount: | To be determined |
| NH&S File No.: | 10000500JFS |

## SCHEDULE I

| | |
|---|---|
| Vessel: | M/V APL PERU |
| Bills of Lading: | OERT 103704807361 |
| Date of Departure: | Sept. 28, 2008 |
| Port of Loading: | Hong Kong |
| Port of Discharge: | Seattle, WA |
| Carrier: | Orient Express Container Co. Ltd. |
| Shippers: | K & F Trading Co. Ltd. |
| Consignee: | Dreamsacks Inc. |
| Description: | Silk Sleepsacks & Pillowcase – General Average Declared |
| Claim Amount: | To be determined |
| NH&S File No.: | 10000500JFS |

## **SCHEDULE J**

| | |
|---|---|
| Vessel: | M/V APL PERU |
| Bills of Lading: | WIDN00200087619 |
| Date of Departure: | Sept. 19, 2008 |
| Port of Loading: | Surabaya, Indonesia |
| Port of Discharge: | Vancouver, Canada |
| Carrier: | World Way Inc. |
| Shippers: | PT Kutai Timber Indonesia |
| Consignee: | Pacific Wood Products LLC |
| Description: | Finished Wood Doorjams – General Average Declared |
| Claim Amount: | To be determined |
| NH&S File No.: | 10000500JFS |

## VERIFICATION

STATE OF NEW YORK    )
                               : S.S.:
COUNTY OF NEW YORK  )

        James F. Sweeney, being duly sworn, deposes and says:

        That he is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Plaintiff herein.

        That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true.

        Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

                                       _____
                                        JAMES F. SWEENEY

Sworn to before me this
24 day of April, 2009.

Notary Public

ROSEMARIE RUSSO
Notary Public, State of New York
No. 01RU4634359
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Dec. 31, 20\_\_10

19